(67 Misc. Rep. 227.)

## WEIL et al. v. HARBURGER et al.

(Supreme Court, Special Term, New York County. April, 1910.)

PLEADING (§ 346*)—MOTIONS—JUDGMENT ON PLEADINGS—FRIVOLOUS PLEAD-
ING.

Code Civ. Proc. § 537, authorizing motion for judgment on a frivolous
pleading, was not abrogated by section 547, enacted in 1908, providing for
a motion for judgment on the pleadings; but motion on the former sec-
tion will be denied without prejudice to recourse to the latter, which
avoids the delays usually incident to the former section.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec.
Dig. § 346.*]

Action by Jonas Weil and Bernard Mayer against Henry Harburg-
er and others. Motion to overrule answer as frivolous and for judg-
ment on complaint. Motion denied.

Malcolm Sundheimer, for plaintiffs.
Engel Brothers, for defendants.

WHITNEY, J. This is a motion "for an order overruling the
amended answer herein as frivolous and for judgment as prayed for
in the complaint herein." The complaint is in equity, with 15 para-
graphs and 25 folios. The amended answer has 24 paragraphs and 50
folios.

Originally, on a motion of this kind, the judge in the court of first
instance took the pleadings, listened to no argument, and if he could
see, by reading them and applying his own knowledge of the law appli-
cable to the case, that there was no defense, the motion was granted.
Of course, the success of the motion depended largely upon the ex-
perience of the particular judge before whom it happened to be
brought. If it had been such as to make him personally familiar with
the topic under consideration, he would grant the motion, when an-
other judge of equal ability, experience, and general information would
deny it. If he granted the motion, and defendant appealed, the ques-
tion on appeal was simply whether the judgment was right or wrong;
for it was held that a judgment should never be reversed because
entered in one form of proceeding, on the ground that the answer
was very bad, only to be re-entered on the same pleadings in another
form of proceeding, because, although not very bad, it was still bad.
At a later period, however, the practice changed, and the judges of
first instance began to hear argument as to whether the answer was
very bad, or just bad, or tenable. Finally, and comparatively recently,
the appellate courts began the practice of considering the case as if it
were at Special Term, and reversing judgments upon answers that
were bad, because they were not very bad.

Thus the practice which had been adopted in early times to speed
the disposition of cases became in one state (for I believe its develop-
ment was not the same everywhere) often one of the delays of the
law. A motion would be made for judgment upon a demurrer or
answer, and the defendant at the hearing would be unable to present

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any argument in its support. Afterward he would think one up and appeal from the judgment. The judgment would be reversed, because the matter was arguable, and ultimately it would be again awarded, because, although the defense was arguable, it was nevertheless untenable. For this reason partly the Legislature in 1908 enacted the present section 547 of the Code of Civil Procedure, by which the party entitled to judgment upon the pleadings can obtain it and hold it upon appeal, whether the questions are arguable or unarguable. Section 537 is thus rendered entirely unnecessary. It is not mandatory. Under it "judgment may be given." Except in rare cases, I think that a motion under section 537 should be denied, without costs, and without prejudice to a motion under section 547; and it is so ordered in the present case.

Motion denied, without costs.